# United States Court of Appeals for the Federal Circuit

IN RE: AQUA PRODUCTS, INC.,
*Appellant*

2015-1177

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00159

**ON PETITION FOR REHEARING**

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, AND HUGHES, *Circuit Judges.*[*]

PER CURIAM.

**O R D E R**

Appellant Aqua Products, Inc. filed a petition for rehearing and rehearing *en banc*. A response was invited of the Intervenor, the Director of the United States Patent and Trademark Office.[1] The petition and response were

---

[*] Circuit Judge Stoll did not participate.

[1] The successful petitioner before the Patent Trial and Appeal Board declined to participate in the appeal to

considered by the panel that heard the appeal, see Fed. Cir. R. 35 Practice Notes, and thereafter referred to the circuit judges in regular active service. A poll was requested and taken, and the court decided that the appeal warrants *en banc* consideration.

On consideration thereof,

IT IS ORDERED THAT:

(1) The petition for rehearing *en banc* filed by Appellant Aqua Products, Inc. is granted.

(2) The court's opinion in *In re Aqua Products, Inc.*, 823 F.3d 1369 (Fed. Cir. 2016) is vacated, and the appeal is reinstated.

(3) The pending petition for rehearing *en banc* in *Prolitec, Inc., v. ScentAir Technologies, Inc.*, 807 F.3d 1353 (Fed. Cir. 2016), has been stayed by the court pending resolution of the issues of this rehearing *en banc*.

(4) The Appellant and Intervenor are requested to file supplemental briefs. The briefs should address the following questions:

> (a) When the patent owner moves to amend its claims under 35 U.S.C. § 316(d), may the PTO require the patent owner to bear the burden of persuasion, or a burden of production, regarding patentability of the amended claims as a condition of allowing them? Which burdens are permitted under 35 U.S.C. § 316(e)?
>
> (b) When the petitioner does not challenge the patentability of a proposed amended claim, or the Board thinks the challenge is inadequate, may the Board sua sponte raise patentability challeng-

---

this court. The Intervenor participated in the appeal and has responded to the petition for rehearing.

es to such a claim? If so, where would the burden of persuasion, or a burden of production, lie?

Briefing should be limited to these questions.

(5) The supplemental en banc briefs and briefs of any amici curiae shall be electronically filed in the ECF system, and thirty paper copies of each brief shall be filed with the court. Two paper copies of all filings shall be served on opposing counsel. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) The supplemental brief of Appellant must be filed by noon on Monday, September 26, 2016. Any amicus brief supporting Appellant's position or supporting neither position must be filed by noon on Wednesday, October 5, 2016. Intervenor's supplemental brief must be filed by noon on Wednesday, October 26, 2016. Any amicus brief supporting Intervenor's position must be filed by noon on Wednesday, November 2, 2016. Appellant's reply brief must be filed by noon on Thursday, November 10, 2016. No extensions will be allowed.

(7) In addition, the Appellant and Intervenor are directed to file with the court thirty paper copies of their original briefs and any Appendix within 17 days from the date of this Order.

(8) The court invites the views of amici curiae. Any such briefs may be filed without consent and leave of court, but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29. All amicus briefs shall be filed as stated above.

(8) The appeal will be heard en banc on the basis of the original briefs, the supplemental briefs ordered herein, and oral argument.

(9) Oral argument is scheduled for Friday, December 9, 2016 at 10:00 a.m.

            FOR THE COURT

<u> August 12, 2016 </u>   <u>/s/ Peter R. Marksteiner</u>
   Date       Peter R. Marksteiner
           Clerk of Court